UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HUSSEIN SMITH CHERY,**

    **Petitioner,**

v.                                    **Case No: 6:16-cv-1342-Orl-37TBS**
                                           **(6:13-cr-120-Orl-37TBS)**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

# ORDER

This case involves a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Hussein Smith Chery. The Government filed a response in opposition to the section 2255 motion (Doc. 8). Petitioner was provided an opportunity to file a reply to the response but did not do so.

Petitioner alleges one ground for relief, counsel rendered ineffective assistance by failing to explain the deportation consequences of pleading guilty.[1] For the following reasons, the Court concludes that the motion is untimely and must be dismissed.

## I. PROCEDURAL HISTORY

Petitioner was charged by indictment with mail fraud (Counts One through Ten),

---

[1] Although the motion is untimely as discussed *infra*, the Court notes that Petitioner was advised at the plea hearing, "If you are not a United States citizen and you plead guilty, then you should assume at the completion of your sentence that you will be deported by the federal government." (Criminal Case No. 6:13-cr-120-Orl-37TBS, Doc. 61 at 8).

presenting false and fraudulent claims to the United States Department of the Treasury (Counts Eleven through Sixteen), theft of government property (Count Seventeen), and access device fraud (Count Eighteen). (Criminal Case No. 6:13-cr-120-Orl-37TBS, Doc. 15).[2] Pursuant to a plea agreement, Petitioner entered a plea of guilty to Counts Seven, Eight, and Eighteen. (*Id*. at Doc. 32). Magistrate Judge Thomas B. Smith filed a Report and Recommendation, recommending that the plea be accepted and that Petitioner be adjudicated guilty of Counts Seven, Eight, and Eighteen. (*Id*. at Doc. 36). The Court accepted the plea and adjudicated Petitioner guilty of Counts Seven, Eight, and Eighteen. (*Id*. at Doc. 39). On September 12, 2013, this Court entered Judgment, sentencing Petitioner to concurrent 24-month terms of imprisonment to be followed by a three-year term of supervised release. (*Id*. at Doc. 47). The Government dismissed the remaining counts. (*Id*.). Petitioner did not appeal.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2]Criminal Case No. 6:13-cr-120-Orl-37TBS will be referred to as "Criminal Case."

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under the time limitation set forth in § 2255(f)(1), Petitioner had one year from the date his conviction became final to file a § 2255 motion. Petitioner's Judgment was entered on September 12, 2013, and he did not file a direct appeal. Therefore, his conviction became final on September 26, 2013, when the time for filing an appeal expired. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (a conviction which is not appealed becomes final when the time allowed for filing an appeal expires); *see also* Fed. R. App. P. 4(b); Fed. R. App. P. 26(a). Thus, Petitioner had through September 27, 2014, to timely file his § 2255 motion under § 2255(f)(1). However, the instant proceeding was not filed until July 15, 2016, under the mailbox rule. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing). Thus, the § 2255 motion was untimely filed under § 2255(f)(1).

Petitioner argues that § 2255(f)(4) applies because he did not discover the factual predicate of his claim until January 26, 2016, the date of an immigration hearing regarding his removal. (Doc. 1-1 at 2-4). As explained by the Eleventh Circuit,

> under § 2255(f)(4), the statute of limitations "is triggered by a date that is not necessarily related to a petitioner's actual efforts or actual discovery of the relevant facts." 291 F.3d 708, 711 (11th Cir. 2002). In conducting the inquiry under § 2255(f)(4), the district court should first consider whether

the petitioner exercised due diligence. *Id.* If the court finds that he did so, then the one-year limitations period begins to run on the date he actually discovered the relevant facts because the dates of actual and possible discovery would be identical. *Id*. But:

> [I]f the court finds that the petitioner did *not* exercise due diligence, the statute does not preclude the possibility that the petitioner's motion could still be timely under § 2255[f](4). For example, if the court concludes that, with the exercise of due diligence, the relevant facts could have been discovered two months earlier than the petitioner (who it finds did not exercise due diligence) actually discovered them, then the motion would still be timely if filed within ten months of the date of actual discovery.

*Id.* (emphasis in original). Accordingly, if the district court finds that the petitioner did not exercise due diligence, it is required to speculate about the date on which the facts could have been discovered with the exercise of due diligence. *Id.* at 711 n. 1.

Due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Id.* at 712. The due diligence inquiry is an individualized inquiry that "must take into account the conditions of confinement and the reality of the prison system." *Id.* (citation omitted).

*Dauphin v. United States*, 604 F. App'x 814, 817-18 (11th Cir. 2015) (quoting *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002)).

Petitioner has not demonstrated that he exercised due diligence in discovering the facts supporting his claim or in pursuing his rights. Petitioner was advised when he entered his plea on June 19, 2013, that he should assume he would be deported if he pled guilty and was not a citizen of the United States. (Criminal Case Doc. 61 at 8). Petitioner affirmed he understood this. (*Id*.). Therefore, assuming counsel failed to discuss the potential immigration consequences of pleading guilty, Petitioner was on notice of them prior to being sentenced. Petitioner offers no explanation why he waited more than two

years after he was sentenced to investigate the immigration consequences of his plea.

A reasonable individual would have determined the immigration consequences of entering the plea by no later than the date of sentencing. Moreover, if the individual did not understand the immigration consequences of entering the plea, a reasonable person would have notified the Court when informed of such by the Court. Therefore, Petitioner could have known the facts underlying his claim with the exercise of due diligence by September 9, 2013, the date he was sentenced. Thus, the § 2255 motion filed on July 15, 2016, was untimely under § 2255(f)(4).

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year period of limitations and that are not specifically addressed herein have likewise been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Hussein Smith Chery is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:13-cr-120-Orl-37TBS and to terminate the motion (Criminal Case Doc. 58) pending in that case.

4. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on August 16th, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party